## IN THE COURT OF APPEALS OF IOWA

No. 15-0431
Filed June 15, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ULISES TOMAS MORALES GARCIA,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Lee (North) County, Emily S. Dean,

District Associate Judge.


        The defendant appeals from his guilty plea and sentence for assault on a

correctional officer causing bodily injury.  **AFFIRMED.**


        William R. Monroe of the Law Office of William Monroe, Burlington, for

appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee.


        Considered by Doyle, P.J., Bower, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BLANE, Senior Judge.**

Ulises Morales-Garcia appeals from his guilty plea and sentence for assault on a correctional officer causing bodily injury. Morales-Garcia maintains trial counsel was ineffective. Specifically, he maintains counsel failed to adequately describe the plea agreement to the court regarding the State's recommendation to waive the fine and his guilty plea was not knowing and voluntary as a result.

**I. Background Facts and Proceedings.**

On July 10, 2014, Morales-Garcia was charged by trial information with assault on a correctional officer causing bodily injury, an aggravated misdemeanor, in violation of Iowa Code section 708.3A(3) (2013).

On February 17, 2015, Morales-Garcia filed a written waiver of rights and guilty plea. The written plea outlined the plea agreement as providing for a term of incarceration not to exceed two years to run consecutive with Morales-Garcia's other prison term and a $625 fine. Morales-Garcia initialed next to the terms of the plea agreement. Additionally, he initialed next to the paragraph outlining the possible sentencing options, which included the sentence, "In an aggravated misdemeanor, the fine could range from $625 to $6250." Lastly, he initialed next to the sentence, written in bold, stating, "PLEA AGREEMENT: I am agreeable to the foregoing Plea Agreement, contained within the table of page 1. I understand the Court is not bound by it, and may impose the maximum sentence in this case." Attached to the filed guilty plea was an email from the county attorney, stating he "would be willing to recommend suspension of the fine if the Defendant will take the 2 year sentence, consecutive to his current sentence."

The district court entered judgment and sentence two days later. Morales-Garcia was sentenced to a two-year term of incarceration consecutive to his current sentence and ordered to pay the $625 fine. He appeals.

## II. Standard of Review.

A defendant may raise an ineffective-assistance claim on direct appeal if he has reasonable grounds to believe the record is adequate for us to address the claim on direct appeal. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). If we determine the record is adequate, we may decide the claim. *Id.* We review claims for ineffective assistance of counsel de novo. *Id.* This is our standard because such claims have their basis in the Sixth Amendment to the United States Constitution. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

## III. Discussion.

Morales-Garcia maintains he received ineffective assistance from counsel because the plea agreement was not accurately represented in his written guilty plea; he maintains it should have shown the fine was "supposed to be suspended." He maintains that because he was not adequately informed of the potential penalties, his guilty plea was not knowing and voluntary.

To prevail on a claim of ineffective assistance of counsel, Morales-Garcia must prove by a preponderance of the evidence (1) his attorney failed to perform an essential duty and (2) prejudice resulted from the failure. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). We measure counsel's performance against an objective standard of reasonableness under prevailing professional norms. *Clay*, 824 N.W.2d at 495. There is a presumption counsel performed competently. *Id.* Prejudice exists where the defendant proves by a

reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 496. Morales-Garcia's claim fails if either element is lacking. *See Everett v. State,* 789 N.W.2d 151, 159 (Iowa 2010). Although we prefer to preserve ineffective-assistance claims for development of the record, *see State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006), here, the record is adequate for us to decide the claim on direct appeal.

Morales-Garcia makes several arguments under the general heading that counsel was ineffective for allowing him to enter a guilty plea that was not knowing and voluntary. His first claim of error is that his guilty plea was not a valid waiver of his rights because he was not adequately informed of the potential penalties. *See State v. Kress,* 636 N.W.2d 12, 21 (Iowa 2011) ("A guilty plea results in a waiver of several constitutional rights. For the waiver to be valid, there must be an intentional relinquishment of known rights. To enter a guilty plea voluntarily and intelligently means the defendant has a full understanding of the consequences of a plea."). Insofar as he is claiming that he was generally unaware of the possible consequences, the guilty plea clearly laid out the possible minimum and maximum punishments for the crime, as required by Iowa Rule of Criminal Procedure 2.8(2)(b)(2) (requiring the court, before accepting a guilty plea, to determine if the defendant understands "[t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered"). If his argument is that he was unaware he could or would receive a fine as part of the penalty, the written plea again belies his assertion, as it states that for "an aggravated misdemeanor, the fine could range from $625 to $6250." Morales-Garcia

initialed next to the bolded statement indicating that the court was not bound by any agreement[1] and had the discretion to choose a sentence, including the fine, within the parameters outlined above.

Additionally, Morales-Garcia maintains the district court abrogated its duty of ensuring his plea was knowing and voluntary; he complains the district court "relied entirely upon defense counsel to cover the requirements set out in Iowa Rule of Criminal Procedure 2.8(2)(b)." Iowa Rule of Criminal Procedure 2.8(2)(b) allows the court, "in its discretion and with the approval the defendant, [to] waive the above procedures in a plea of guilty to a serious or aggravated misdemeanor." As part of the written waiver of rights and guilty plea, Morales-Garcia initialed the statement that he was waiving his right to be present in court, to be heard in court, and to hear the rationale for sentencing. Morales-Garcia cannot now complain that the district court relied on his written plea and waiver of rights when he previously agreed the court could do so.

Finally, Morales-Garcia maintains the court was not adequately informed of the plea agreement. We agree with Morales-Garcia that the terms of the plea agreement were not correctly represented to the court in the written document. Whether the prosecutor or defense counsel completed the form, it was done so incorrectly. Defense counsel had a duty to ensure Morales-Garcia received the benefit of the deal he struck. *See State v. Horness*, 600 N.W.2d 294, 300 (Iowa 1999) (holding defense counsel has a duty to ensure the State complies with the

---

[1] It is undisputed the plea agreement was not entered into pursuant to Iowa Rule of Criminal Procedure 2.10(2). *See* Iowa R. Crim P. 2.10(2) ("[I]f the agreement is conditioned upon concurrence of the court in the charging or sentencing concession made by the prosecuting attorney, the court may accept or reject the agreement, or may defer its decision as to acceptance or rejection until receipt of a presentence report.").

6

plea agreement it made because "no possible advantage could flow to the defendant from counsel's failure" to do so).  However, Morales-Garcia cannot establish he suffered prejudice as a result.  The email from the prosecutor to defense counsel stating the prosecutor would recommend suspending the fine was also attached to the guilty plea form and available to the district court when imposing sentence.  And even if the court did not consider it, the court was not bound by the agreement or the prosecutor's recommendation, as Morales-Garcia had been informed and had agreed to when he submitted his guilty plea.

Because Morales-Garcia cannot establish that he suffered prejudice, his claim of ineffective assistance fails.  *See Everett v. State*, 789 N.W.2d 151, 159 (Iowa 2010).  We affirm his conviction and sentence.[2]

**AFFIRMED.**

---

[2] We note that the district court did not make a specific finding that Morales-Garcia's decision to plead guilty was knowingly, voluntarily, and intelligently made.  However, we are unconcerned by the lack of a specific finding.  In *State v. Meron*, 675 N.W.2d 537, 542 (Iowa 2004), our supreme court indicated that the trial court has a duty to ensure the plea is knowingly and voluntarily made and in order to do so, the court "is required to make specific inquiry into a number of matters set for in the [rule 2.8(2)(b)]."  A court may make the necessary inquiry either through an oral colloquy or through a written plea.  *See State v. Kirchoff*, 452 N.W.2d 801, 805–06 (Iowa 1990) ("[The defendant] will not be allowed to plead anew merely because he was informed of the matters listed in rule [2.8(2)(b)] in writing instead of orally.").  Here, the written plea included each of the rights Morales-Garcia would waive by entering his guilty plea and he initialed next to the information before ultimately signing the plea.